BENCH, Senior Judge
(dissenting):
4 33 I respectfully dissent.
« 34 Based on Husband's own representations, the default decree of divorcee definitively held that there were "no children at issue in this marriage." Husband now claims he made a mistake and seeks to assert rights to a child born during the marriage.
T85 To set aside a default judgment, a party must proceed under our rules. Rule 55(c) of the Utah Rules of Civil Procedure provides, "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Utah R. Civ. P. 55(c). Until today, Utah courts have always held that the only way to set aside a default judgment is in accordance with the provisions of rule 60(b). See, e.g., Calder Bros. Co. v. Anderson, 652 P.2d 922, 926 (Utah 1982); Maxwell v. Maxwell, 796 P.2d 403, 406-07 (Utah Ct.App.1990); Amica Mut. Ins. Co. v. Schettler, 768 P.2d 950, 969 (Utah Ct.App.1989). This black-letter principle was recently applied in the context of a case involving the Parentage Act. Relier v. Reller, 2012 UT App 323, ¶15, 291 P.3d 813 (stating that rule 60(b) is the "only path available" for setting aside a default divorcee decree (internal quotation marks omitted)).
(36 Husband has never filed a rule 60(b) motion. But even if we construe Husband's petition to modify as a rule 60(b) motion, it was clearly filed too late. Husband contends that he was mistaken in his original representation that there are no children at issue. Rule 60(b) provides that "[on motion and upon such terms as are just, the court may in the furtherance of justice relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inad *701 vertence, surprise, or excusable neglect." Utah R. Civ. P. 60). There are, however, strict time limitations for making such a motion: "The motion shall be made within a reasonable time and for reasons (1), (2), or (3), not more than 3 months after the judgment." Id. (emphasis added). The default decree here was entered on March 25, 2011, and Husband initiated this action more than a year later-on April 18, 2012. It was therefore not timely.
37 For these reasons, I would affirm the district court's denial of Husband's petition.